**Kenneth Leroy McINTIRE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–82–231–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 19, 1985.

Jeffrey W. Jones, Harlingen, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY, J.

OPINION

NYE, Chief Justice.

The Court of Criminal Appeals remanded this case to this Court with instructions that we abate the appeal and remand the cause to the trial court for a preliminary hearing on the feasibility of hearing a motion for new trial. *McIntire v. State*, 698 S.W.2d 652 (Tex.Crim.App.1985).

As noted in the opinion delivered by the Court of Criminal Appeals, the cause is returned to the trial court for a preliminary hearing to determine the feasibility of holding a hearing wherein appellant may obtain a free, fair and full presentation of evidence in support of his motion for new trial. At such hearing, the burden will be on appellant to prove, by a preponderance of the evidence, that a free, fair and full presentation of evidence is not feasible.

Should appellant sustain his burden of showing the infeasibility of the presentation of evidence, at the hearing on the motion for new trial, or if after hearing on motion for new trial appellant's motion is granted, the cause should then be docketed in the trial court for trial. In the event the trial court should rule that the hearing on motion for new trial is feasible, conduct such hearing but then deny the motion, appellant may appeal to this Court any asserted error in the feasibility hearing, and any assertion of abuse of discretion in denial of the motion for new trial.

The appeal is accordingly abated so that the trial court may comply with the above instructions.